# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY STEELE, <br> and <br> JUDITH STEELE, H/W <br> <br> Plaintiffs, <br> vs. <br> <br> BLAKE & UHLIG, P.A., <br> and <br> LAUREN FLETCHER, <br> and <br> BOILERMAKERS' NATIONAL HEALTH <br>   AND WELFARE FUND, <br> <br> Defendants. | Civil Action No. |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices. Plaintiffs also seek declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331,

1332, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiffs Timothy and Judith Steele ("Plaintiffs" or "the Steeles" or "Plaintiff Ms. Steele" or "Plaintiff Mr. Steele"), husband and wife, are adult individuals residing at 855 Foulkrod Street, Philadelphia, PA 19124.

5. Defendant Blake & Uhlig, P.A. ("B&U") is a law firm located at 475 New Brotherhood Bldg., 753 State Avenue, Kansas City, Kansas, 66101. As part of its usual business activities, Defendant B&U regularly attempts to collect debts owed or alleged to be owed to its clients, and Defendant B&U uses the mails and/or telephone in connection with its collection activities.

6. Defendant Lauren Fletcher is an attorney who works for Defendant B&U, and maintains a principal place of business located at 475 New Brotherhood Bldg., 753 State Avenue, Kansas City, Kansas 66101. For all purposes referenced herein, Defendant Fletcher was an agent, servant and/or employee of Defendant B&U.

7. Defendant Boilermakers' National Health and Welfare Fund ("BNHWF") is a labor management trust fund that provides health benefits to employees, and has a principal place of business located at 522 Brotherhood Building, 754 Minnesota Avenue, Kansas City KS 66101-2766.

### IV. FACTUAL ALLEGATIONS

8. Defendants B&U and Fletcher represent BNHWF. At all times pertinent hereto, Defendants B&U and Fletcher were retained by BNHWF to collect from the Steeles what

2

Defendants claim is a subrogation lien in default in the amount of $534,876.50 (the "alleged debt").

9. The alleged debt arose out of a transaction which was primarily for personal, family or household purposes. For the applicable time period, BNHWF provided medical insurance to Mr. and Mrs. Steele pursuant to a healthcare plan contracted through Mr. Steele's employment. B&U claims that its client BNHWF is entitled to recover medical expense payments it made to third party healthcare providers on behalf of Mrs. Steele in connection with injuries she suffered as a result of medical negligence. B&U is wrong. The Steeles and their counsel have provided repeated notice to Defendants that Pennsylvania law precludes their asserted right of subrogation and that Defendants' repeated collection attempts are baseless and unlawful.

10. The procedural history of the underlying medical negligence action also demonstrates that Defendants' position is meritless. Defendant BNHWF attempted to assert its alleged subrogation rights by filing a petition to intervene in the underlying medical malpractice action in the Court of Common Pleas of Philadelphia County, *Steele, et al. v. Saeid Alemo, M.D. et al.*, CCP Phila County, Sept. Term 2006, No. 003267 (the "Philadelphia medical negligence action"). In its Petition to Intervene, Defendant BNHWF argued that Pennsylvania's MCARE Act, 40 P.S. §1303.508, which prohibits a private insurer such as BNHWF from asserting a subrogation interest, is preempted by ERISA.

11. By way of an Order dated May 20, 2008, the Court of Common Pleas of Philadelphia County denied BNHWF's petition to intervene in the underlying medical negligence action.

12. As trial approached in the Philadelphia medical negligence action, the defendants filed a motion to preclude the Steeles from offering evidence at trial of the medical expenses paid by the Boilermakers. Counsel for the Steeles offered to submit to the Court any arguments the Boilermakers wished to make in opposition to the motion, but the Boilermakers declined that invitation. On May 28, 2009, the Honorable Alan L. Tereshko granted the medical malpractice defendants' motion *in limine* and entered an order precluding the Steeles from recovering medical expenses paid by BNHWF. Accordingly, the Steeles have not recovered any medical expense payments from the defendants in the Philadelphia medical negligence action and there is no basis in law or fact for BNHWF to assert a subrogation interests against the Steeles.

13. Notwithstanding the above, starting on or around December 3, 2008, and continuing to the present, Defendants, BNHWF, B&U and Fletcher have engaged in a series of harassing, threatening and unlawful collection efforts in an attempt to obtain subrogation monies that they are not owed.

14. Defendants Fletcher and B&U have repeatedly telephoned and sent written correspondence to the counsel that the Steeles have retained in connection with the Philadelphia medical malpractice action, demanding hundreds of thousands of dollars and threatening counsel against making distribution of the settlement funds the Steeles have recovered in the Philadelphia medical negligence action, to the great detriment of the Steeles.

15. Steeles' medical negligence counsel has repeatedly advised Defendants Fletcher, and B&U that the claims of BNHWF are baseless and that the Steeles are being continually harmed by their inability to access the settlement monies from the underlying action.

16. Notwithstanding the Steeles' counsel's admonitions, Defendants have persisted with harassing and threatening communications in an attempt to collect the subrogation monies

they are not owed, including numerous telephone calls and correspondence dated December 3, 2008, February 25, 2009 and June 17, 2009.

17. Most recently on June 17, 2009, the Defendants threatened the Steeles and their counsel with imminent legal action in the Federal Court in the District of Kansas, even though such lawsuit would be frivolous and would violate the venue rules set forth in Fair Debt Collection Practices Act and Fair Credit Extension Uniformity Act described below.

18. The Defendants acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing Plaintiffs and their counsel including but not limited to repeatedly, continuously contacting the above persons with the intent to annoy, abuse, harass and threaten them.

19. The Defendants further acted in a false, deceptive, misleading and unfair manner by repeatedly demanding payment of monies not due and threatening baseless legal action.

20. The Defendants further acted in a false, deceptive, misleading and unfair manner by threatening to sue the Plaintiffs and their counsel in a forum where neither of the Plaintiffs had signed a contract and where neither of the Plaintiffs reside.

21. Defendants knew or should have known that their actions violated the FDCPA, FCEUA and the UTPCPL. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

22. At all times pertinent hereto, the Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in negligent disregard for federal and state law and the rights of the Plaintiff herein.

24.     As a result of Defendants' conduct, the Steeles have suffered serious actual damages, financial harm and loss as a result of being deprived of the use of monies to which they are entitled and which they need to survive, along with accompanying emotional distress, anxiety and worry.

## V. FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA
### (Plaintiffs v. Blake and Uhlig, P.A. and Lauren Fletcher)

25.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

26.     Defendants B&U and Fletcher are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28.     The above contacts by and between Defendants and Plaintiffs are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29.     Defendant violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), 1692e(11), 1692f(1) and 1681i(a)(2), as evidenced by the following conduct:

      (a)     Falsely representing the character, amount and legal status of the alleged debt;
      (b)     Threatening to take legal action that was frivolous;
      (c)     Using false and deceptive means of communications to attempt to collect the alleged debt;

6

(d) Failing to indicate that Defendants were debt collectors, that they were attempting to collect a debt and that all information obtained would be used for that purpose;

(e) Attempting to collect a subrogation lien from Plaintiffs and their counsel without any legal basis;

(f) Threatening to sue Plaintiffs and their counsel in a venue other than where the Plaintiffs lived or signed a contract;

(g) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

(m) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

30. Defendants' acts as described above were done with intentional, reckless, and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs and their counsel to pay the alleged debt.

31. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

(b) That an order be entered enjoining the Defendant from continuing to communicate with Plaintiffs in violation of the FDCPA;

(c) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL
(Plaintiffs v. BNHWF)

32. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth

at length herein.

33. Defendant BNHWF is a "creditor" as defined by 73 P.S. § 2270.3 of the FCEUA.

34. Plaintiffs are "debtors" as defined by 73 P.S. § 2270.3 of the FCEUA.

35. The above contacts by Defendant were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

36. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(b)(5)(ii), (v), (x), and 2270.4(b)(6)(i), as evidenced by the following conduct:

(a) Using false, deceptive and misleading representations in connection with the alleged debt;
(b) Falsely representing the character, amount and legal status of the alleged debt;
(c) Threatening to take legal action that is baseless;
(d) Using false and deceptive representations to attempt to collect the alleged debt;
(f) Attempting to collect monies not owed; and
(g) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

37. Defendant's acts as described above were done with intentional, reckless, and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

38. As a result of the above violations of the FCEUA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling Plaintiffs to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FCEUA and the UTPCPL;

(b) That an order be entered enjoining Defendant from continuing to communicate with Plaintiffs in violation of the FCEUA and the UTPCPL;

(c) That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(d) That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(e) That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(f) That the Court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g) That the Court grant such other and further relief as may be just and proper.

## VII. THIRD CLAIM FOR RELIEF-DECLARATORY JUDGMENT

39. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

40. Plaintiffs seeks declaratory relief pursuant to 28 U.S.C. §2201 et seq.

41. There is no basis for BNHWF to assert any subrogation lien against Plaintiffs arising out of its payment of medical expenses in connection with the injuries suffered by Mr. Steele which are the subject of the Philadelphia medical negligence action.

42. Pursuant to Pennsylvania's MCARE Act, private insurers such as BNHWF are prohibited from asserting subrogation interests in claims such as medical malpractice actions which are regulated by the statute.

43. Moreover, Plaintiffs never recovered any medical expenses from any of the defendants in the Philadelphia medical negligence action and, in fact, were precluded from introducing any evidence of such expenses by court order.

44. As such, Plaintiffs demand judgment as follows:

9

a. a declaration that Defendant BNHWF is not entitled to assert any subrogation lien against the Plaintiffs in connection with any monies that they have received by way of settlement of the Philadelphia medical negligence action, or otherwise;
b. costs of suit; and
c. such other relief as this Honorable Court may deem just and reasonable.

## VIII.   JURY TRIAL DEMAND

45. Plaintiffs demand trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: /S/ *James A. Francis*
JAMES A. FRANCIS
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs Timothy and Judith Steele

DATE: June 24, 2009

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Timothy Steele and Judith Steele

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)
James A. Francis
Mark D. Mailman
John Soumilas
Francis & Mailman, P.C.
Land Title Building, 19th Floor, 100 South Broad Street
Philadelphia, PA 19110, 215-735-8600

### DEFENDANTS
Blake & Uhlig, P.A., Lauren Fletcher, and Boilermakers' National Health and Welfare Fund

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government not a party)
2. U.S. Government Defendant
4. Diversity — Indicate Citizenship of Parties in item III

### III. CITIZENSHIP OF PRINCIPLE PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principle Place of business in this state | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principle Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury- Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury- Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | | 640 R R & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs | 830 Patent | 470 Racketeer influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 850 Securities/Commodities/ Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| | | | | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| | | | | 864 SSID Title XVI | 894 Energy Allocation Acts |
| | | | 730 Labor/Mgmt Reporting & Disclosure Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 740 Railway Labor Act | 870 Taxes (US Plaintiff or Defendant) | 950 Constitutionality of States Statutes |
| 220 Foreclosure | 442 Employment | HABEAS CORPUS: | 790 Other Labor Litigation | | ☒ 890 Other Statutory Actions |
| 230 Rent Lease & Ejectment | 443 Housing Accommodations | 530 General | | 871 IRS-Third Party 26 USC 7609 | |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 791 Empl Ret Inc Security Act | | |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | | | |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
2 Removed from State Court
3 Remanded from Appellate Court
4 Reinstated or Reopened
5 Transferred from another district (specify)
6 Multidistrict Litigation
7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Debt Collection Practices Act, 15 U.S.C. § 1692

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

### VII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06-24-09 | /s/ JAMES A. FRANCIS |

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Timothy Steele and Judith Steele, H/W | : | **CIVIL ACTION** |
| | : | |
| vs. | : | **NO.** |
| | : | |
| Blake & Uhlig, P.A., Lauren Fletcher, | : | |
| And Boilermakers' National Health and | : | |
| Welfare Fund | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, the defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus--Cases brought under 28 U.S.C. § 2241 through §2255. ( )

(b) Social Security--Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration--Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos--Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management--Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management—Cases that do not fall into any one of the other tracks. ( ✓ )

_____06-24-09_____                              _____James A. Francis_____
Date                                               Attorney at law

                                                   _____/s/ James A. Francis_____
                                                   Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 855 Foulkrod Street, Philadelphia, PA 19124

Address of Defendant: 475 New Brotherhood Bldg. 753 State Avenue, Kansas City, KS 66101; 522 New Brotherhood Bldg. 753 State Avenue, Kansas City, KS 66101

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this case involve multi-district litigation possibilities?     Yes ☐   No ☒

**RELATED CASES, IF ANY:**

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior pending or within one year previously terminated action in this court?

    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act (s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Questions Cases    (also diversity jurisdiction as to Boilermaker's National Health and Welfare Fund)
    (Please specify)
    Fair Debt Collection Practices Act, 15 U.S.C. § 1692

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability-Asbestos
9. ☒ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I, **James A. Francis**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief the damages recoverable in this civil action case exceed the sum of $ 150, 000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE:   6-24-09         /s/ JAMES A. FRANCIS                77474
                        Attorney-at-Law                     Attorney I.D. #

NOTE:   A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   6-24-09         /s/ JAMES A. FRANCIS                77474
                        Attorney-at-Law                     Attorney I.D.#

CIV. 609 (9/99)