# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BOILERMAKERS NATIONAL HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE BOILERMAKERS NATIONAL HEALTH AND WELFARE TRUST, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.: 09-CV-2329 JAR/DJW |
| vs. | ) ) ) | |
| JUDITH A. STEELE; TIMOTHY STEELE; MARK TANNER; FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK AND DODIG | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

COMES NOW Defendants, Judith A. Steele, Timothy Steele, Mark Tanner, Esquire, and the law firm of Feldman, Shepherd, Wohlgelernter, Tanner, Weinstock & Dodig (hereinafter "the Feldman Shepherd law firm"), who submit this Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and Fed.R.Civ.P. 12(b)(6), and who move in the alternative to transfer venue pursuant to 28 U.S.C. §1404(a). In support thereof, Defendants aver as follows:

**I.   MOTION OF ALL DEFENDANTS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1.   The Boilermakers National Health and Welfare Trust and the Board of Trustees of the Boilermakers National Health and Welfare Trust (hereinafter "the Boilermakers"), initiated this action by Complaint filed on June 18, 2009.

2.   Mr. Steele is a life-long resident of Philadelphia, Pennsylvania and has worked for 29 years as a refrigeration technician on ships docked at the Port of Philadelphia. As a member

of the International Brotherhood of Boilermakers Union, Local Lodge 13,  Mr. Steele obtained

health care coverage for his family through the Boilermakers National Health and Welfare Fund

("the Fund").  When Mrs. Steele suffered a spinal cord injury in 2005 as the result of medical

malpractice that has left her totally disabled and dependent upon opioid medications, the Fund

paid her medical bills.

3.      The Boilermakers now seek reimbursement for payment of those medical bills

from the Steeles, who recently settled the medical malpractice action they filed in Philadelphia.

Significantly, the Steeles were precluded by Pennsylvania law from recovering damages for

medical expenses in their medical malpractice action.

4.      On June 30, 2009, Plaintiffs served their Summons and Complaint in

Philadelphia, Pennsylvania upon defendants Judith A. Steele and Timothy Steele.

5.      On July 1, 2009, Plaintiffs served their Summons and Complaint in Philadelphia,

Pennsylvania upon defendants Mark Tanner and the Feldman Shepherd law firm.

6.      The Defendants have never been to Kansas, have no property or other assets in

Kansas and have no registered agent in Kansas.

7.      Defendant Mark Tanner's only contact with the State of Kansas has been through

six letters he sent to the Boilermakers and their attorneys, and a very few telephone

conversations he had with those same individuals, all in response to the claim that is the subject

of this litigation. See Affidavit of Mark Tanner, attached hereto as Exhibit 1.

8.      Defendant Timothy Steele has been a member for 13 years of the International

Brotherhood of Boilermakers Union, Local Lodge 13, located in Philadelphia, Pennsylvania. The

International Brotherhood of Boilermakers Union, with which Local Lodge 13 is affiliated, has

its headquarters in Kansas City, Kansas. Mr. Steele has never been to Kansas and does not recall

2

calling or writing to anyone in Kansas.  See Affidavit of Timothy Steele, attached hereto as Exhibit 2.

9.       During the 13 years her husband has been a member of the IBB Local 13, Judith A. Steele has made approximately a dozen telephone calls to the Fund, which is administered in Kansas City, Kansas, pertaining to medical benefits provided to her family by the Fund. Mrs. Steele has also completed approximately five medical benefit forms and returned them by mail to the Fund in Kansas. She has had no other contact with the State of Kansas.  See Affidavit of Judith Steele, attached hereto as Exhibit 3.

10.      The Feldman Shepherd law firm is an unincorporated partnership with a single office located at 1845 Walnut Street, 25th Floor, Philadelphia, Pennsylvania 19130. The Firm represents plaintiffs in civil litigation.  None of the 18 attorneys at the Firm have ever been admitted to practice in a Kansas court, and none of the 18 attorneys at the firm have ever represented a citizen of Kansas in any civil action.  See Affidavit of Mark Tanner, attached hereto as Exhibit 1.

11.      Defendants' contacts with the State of Kansas are not significant enough to support personal jurisdiction under a minimum contacts analysis. *Loeffelbein v. Rare Medium Group*, 2003 WL 23484636 (D. Kan. 2003) citing *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir.1995).

12.      Where jurisdiction is premised upon a federal question and a federal statute such as the Employee Retirement Income Security Act ("ERISA") permits nationwide service of process,  the Tenth Circuit Court of Appeals has held that service of process and personal jurisdiction are "distinct concepts that require separate inquiries" and that a district court must determine "whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth*

*Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000).

13.     The Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendants. *Peay*, 205 F.3d at 1212.

14.     Application of the *Peay* factors to the instant case leads to the inescapable conclusion that the inconvenience to the defendants of litigating this dispute in Kansas is constitutionally significant and that the exercise of personal jurisdiction over the Defendants does not comport with due process.

15.     For the reasons set forth in this Motion and in the accompanying Memorandum of Law, defendants move pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss this action for lack of personal jurisdiction.

## II.  MOTION OF DEFENDANTS, MARK TANNER AND THE FELDMAN SHEPHERD LAW FIRM, TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

16.     Defendants, Mark Tanner and the Feldman Shepherd law firm move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted.

17.     Defendants, Mark Tanner and the Feldman Shepherd law firm are not parties to, participants in, or beneficiaries of the Boilermakers National Health and Welfare Plan (the Fund").

18.     Defendants, Mark Tanner and the Feldman Shepherd law firm have no contractual or statutory duty to reimburse the Fund for benefits the Fund provided to Mr. and Mrs. Steele.

19.     Defendants, Mark Tanner and the Feldman Shepherd law firm have not interfered with the contractual rights, duties and obligations of the Boilermakers and the Steeles.

20.     As an Officer of the Court, Mark Tanner represents that he will hold in an escrow

4

account the disputed funds, which total $530,452.50, until the dispute between the Boilermakers and the Steeles has been resolved, either in the courts of this Circuit or in the Third Circuit, where Mr. and Mrs. Steele have filed suit seeking declaratory judgment and other relief. See Affidavit of Mark W. Tanner, attached hereto as Exhibit 1.

## III. MOTION OF ALL DEFENDANTS TO TRANSFER VENUE

21.     In the alternative, Defendants move pursuant to 28 U.S.C. §1404(a) for a change of venue to the United States District Court for the Eastern District of Pennsylvania.

22.     Because all defendants are residents of the State of Pennsylvania, this action could have been brought in the Eastern District of Pennsylvania. 28 U.S.C. §1391(a)(1), where all of the events giving rise to this litigation occurred.

23.     ERISA also provides that venue is proper "...where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

24.     Section 1404(a) vests a district court with "broad discretion" to determine "whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 883 (3d Cir. 1995); *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir. 1991).

25.     The circumstances that may be considered when determining whether transfer is proper include convenience to the parties, convenience to the witnesses and the interests of justice. Boilermaker-Blacksmith Pension Fund v. Boiler and Mechanical Services, Inc.,1995 WL 584500 (D. Kan. 1995) citing US Sprint Communications Co. v. Boran, 716 F. Supp. 505, 507 (D.Kan.1988).

26.     The presence of a related case in the transferee forum is a substantial reason to grant a change of venue. *Schiller-Pfeiffer, Inc. v. Country Home Products, Inc.,* 2004 WL

5

2755585 (E.D. Pa. 2004), citing *Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*, 2003 WL 22358439 (E.D. Pa. 2003). The action filed by the Steeles against the Boilermakers in the United States District Court for the Eastern District of Pennsylvania, Case No. 09-CV-2837, arises from the same set of facts and seeks a declaratory judgment on precisely the same issue raised by the Boilermakers in the instant action. Upon transfer of this case to Pennsylvania, consolidation of the two actions would certainly be appropriate. *See* Fed.R.Civ.P. 42(a).

27.    The interests of justice mandate transfer of this case to Pennsylvania, where it can be consolidated with the action already pending in that forum. Transfer will promote judicial economy by preventing two cases involving precisely the same issues from being litigated in two different forums. Transfer is also appropriate because all of the defendants are in Pennsylvania, the underlying medical malpractice action was litigated in Pennsylvania, the disputed medical bills were all incurred in Pennsylvania, and all of the witnesses necessary to establish that disputed medical bills paid by the Boilermakers were not recovered in the medical malpractice claim are in Pennsylvania, beyond the subpoena power of this Court.

28.    Because Pennsylvania law precluded the recovery of medical bills in the underlying medical malpractice action, Pennsylvania law must be interpreted in the instant action to determine whether it has a "connection with" or a "reference to" an ERISA plan such that it could be preempted. *New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Insurance Company*, 514 U.S. 645, 654 (1995). Pennsylvania law should be interpreted by the Pennsylvania courts.

29.    If compelled to litigate this claim in Kansas, defendants will incur expenses, including the fees of counsel admitted to practice in Kansas and the cost of travel to Kansas for trial, which represent an extraordinary burden for Mr. and Mrs. Steele. Defendants Mark Tanner

6

and the Feldman Shepherd law firm will also incur additional and substantial attorneys' fees and costs they would not otherwise incur if this action were brought in Pennsylvania. It will also be extremely difficult, if not impossible, for Mrs. Steele to travel to Kansas in light of her permanent and disabling injuries.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this action for lack of personal jurisdiction, dismiss Defendants Mark Tanner and the Feldman Shepherd law firm for failure to state a claim upon which relief can be granted, or transfer this action to the United States District Court for the Eastern District of Pennsylvania.

<div style="margin-left:40%">

Respectfully Submitted,

  /s/ Brent Coverdale
Brent Coverdale, KS Bar No. 18798
SEYFERTH BLUMENTHAL & HARRIS LLC
300 Wyandotte St.,Ste.430
Kansas City, MO 64105
816-756-0700
Fax: 816-756-3700
Email: brent@sbblaw.com
Attorney for Defendants

</div>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted, or, in the Alternative, to Transfer Venue** was filed via the Court's CM/ECF system on this 20th Day of July, 2009, which sent notice of same to the following:

Scott L. Brown
Blake & Uhlig, P.A.
753 State Avenue, Suite 475
Kansas City, Kansas 66101


   /s/ Brent Coverdale
Brent Coverdale
Attorney for Defendants

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKERS NATIONAL HEALTH       :
AND WELFARE TRUST; BOARD OF        :       CASE NO.: 09-CV-2329 JAR/DJW
TRUSTEES OF THE BOILERMAKERS       :
NATIONAL HEALTH AND WELFARE        :
TRUST                              :       EXHIBIT 1 - AFFIDAVIT OF MARK
                  Plaintiffs,      :       TANNER IN SUPPORT OF
vs.                                :       DEFENDANTS' MOTION TO
JUDITH A. STEELE; TIMOTHY STEELE;  :       DISMISS FOR LACK OF PERSONAL
MARK TANNER; FELDMAN, SHEPHERD,    :       JURISDICTION, TO DISMISS FOR
WOHLGELERNTER, TANNER,             :       FAILURE TO STATE A CLAIM
WEINSTOCK AND DODIG                :       UPON WHICH RELIEF CAN BE
                  Defendants.      :       GRANTED, OR, IN THE
                                   :       ALTERNATIVE, TO TRANSFER
                                   :       VENUE

COMMONWEALTH OF PENNSYLVANIA       )
                                   )ss.
COUNTY OF PHILADELPHIA             )

I, Mark W. Tanner, Esquire, being of lawful age and as an Officer of the Court, do hereby testify and depose:

1.      I am Co-Managing Partner of the law firm of Feldman, Shepherd, Wohlgelernter, Tanner, Weinstock & Dodig .

2.      I represented Judith A. Steele and Timothy Steele in a medical negligence action filed in the Philadelphia County Court of Common Pleas against Saeid Alemo, M.D. and two Philadelphia hospitals where he practiced.

3.      The Boilermakers attempted to assert their alleged subrogation rights by filing a petition to intervene in that action and argued that the Pennsylvania statute which prohibits a private insurer such as the Boilermakers from asserting a subrogation interest (40 P.S. §1303.508), is preempted by ERISA.   By way of an Order dated May 20, 2008, the Court of Common Pleas of Philadelphia County denied the Boilermakers' petition to intervene in the medical negligence action.

4.      As trial approached, the defendant doctor filed a motion to preclude the Steeles from offering evidence at trial of the medical expenses paid by the Boilermakers. I offered to submit to the Court any arguments the Boilermakers wished to make in opposition to the motion, but the

EXHIBIT
1

Boilermakers declined that invitation. On May 28, 2009, the Court granted the defendant doctor's motion *in limine* and entered an order precluding the Steeles from recovering medical expenses paid by the Boilermakers.

5.     The Steeles have now settled their medical negligence claims against Saeid Alemo, M.D. and two Philadelphia hospitals where he practiced.

6.     The Steeles did not recover any monies representing reimbursement for any expenses paid by the Boilermakers.

7.     I will hold in an interest-bearing escrow account the disputed funds, which total $530,452.50, until the dispute between the Boilermakers and the Steeles has been resolved, either in the courts of the Tenth Circuit or in the courts of the Third Circuit, where Mr. and Mrs. Steele have filed suit seeking declaratory judgment and other relief.

8.     My only contact with the State of Kansas has been through six letters I sent to the Boilermakers and their attorneys in response to their asserted subrogation lien, and a very few telephone conversations I had with those same individuals. None of the 18 attorneys at the Feldman Shepherd law firm have ever been admitted to practice in a Kansas court, and none of the 18 attorneys at the firm have ever represented a citizen of Kansas in any civil action.


FURTHER AFFIANT SAYETH NAUGHT


Mark W. Tanner, Esquire


SWORN to and subscribed before me this

17th Day of July, 2009.


NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
EILEEN M. HEALEY, Notary Public
City of Philadelphia, Phila. County
My Commission Expires September 2, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BOILERMAKERS NATIONAL HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE BOILERMAKERS NATIONAL HEALTH AND WELFARE TRUST | : : : : : | CASE NO.: 09-CV-2329 JAR/DJW  EXHIBIT 2 - AFFIDAVIT OF TIMOTHY STEELE IN SUPPORT |
| Plaintiffs, | : : | OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL |
| vs. | : | JURISDICTION, TO DISMISS FOR |
| JUDITH A. STEELE; TIMOTHY STEELE; MARK TANNER; FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK AND DODIG | : : : : | FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR, IN THE ALTERNATIVE, TO TRANSFER |
| Defendants. | : : | VENUE |

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | )ss. |
| COUNTY OF PHILADELPHIA | ) |

I, Timothy Steele, being of lawful age and being first duly sworn, do hereby testify and depose:

1.      I have been a member for 13 years of the International Brotherhood of Boilermakers Union, Local Lodge 13, located in Philadelphia, Pennsylvania. The International Brotherhood of Boilermakers Union, with which Local Lodge 13 is affiliated, has its headquarters in Kansas City, Kansas. I have never been to Kansas and do not recall calling or writing to anyone in Kansas.

FURTHER AFFIANT SAYETH NAUGHT

_____
Timothy Steele

SWORN to and subscribed before me this
20ᵗʰ Day of July, 2009.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE M. AGSTER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 27, 2010

**EXHIBIT**
**2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKERS NATIONAL HEALTH       :
AND WELFARE TRUST; BOARD OF         :    **CASE NO.: 09-CV-2329 JAR/DJW**
TRUSTEES OF THE BOILERMAKERS        :
NATIONAL HEALTH AND WELFARE         :    **EXHIBIT 3 - AFFIDAVIT OF**
TRUST                               :    **JUDITH A. STEELE IN SUPPORT**
                                    :    **OF DEFENDANTS' MOTION TO**
              Plaintiffs,           :    **DISMISS FOR LACK OF PERSONAL**
vs.                                 :    **JURISDICTION, TO DISMISS FOR**
JUDITH A. STEELE; TIMOTHY STEELE;   :    **FAILURE TO STATE A CLAIM**
MARK TANNER; FELDMAN, SHEPHERD,     :    **UPON WHICH RELIEF CAN BE**
WOHLGELERNTER, TANNER,              :    **GRANTED, OR, IN THE**
WEINSTOCK AND DODIG                 :    **ALTERNATIVE, TO TRANSFER**
              Defendants.           :    **VENUE**
                                    :

COMMONWEALTH OF PENNSYLVANIA        )
                                    )ss.
COUNTY OF PHILADELPHIA              )

I, Judith A. Steele, being of lawful age and being first duly sworn, do hereby testify and depose:

1.      During the 13 years my husband has been a member of the IBB Local 13, I have made approximately a dozen telephone calls to the Boilermakers Health and Welfare Fund, which is administered in Kansas City, Kansas, pertaining to medical benefits provided to my family by the Fund. I have also completed approximately five medical benefit forms and returned them by mail to the Fund in Kansas. I have had no other contact with the State of Kansas.

FURTHER AFFIANT SAYETH NAUGHT

_Judith Steele_
Judith A. Steele

SWORN to and subscribed before me this

_20_ Day of July, 2009.

_Christine Agster_
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE M. AGSTER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 27, 2010

**EXHIBIT**
**3**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BOILERMAKERS NATIONAL HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE BOILERMAKERS NATIONAL HEALTH AND WELFARE TRUST, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.: 09-CV-2329 JAR/DJW |
| vs. | ) ) | |
| JUDITH A. STEELE; TIMOTHY STEELE; MARK TANNER; FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK AND DODIG | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant, Judith Steele, is the wife of Timothy Steele, the mother of two children, and a life-long resident of Philadelphia, Pennsylvania. She was only 39 years old when she came under the care of Dr. Saeid Alemo, a neurosurgeon with privileges at two Philadelphia hospitals. Due to the alleged medical negligence of Dr. Alemo and the hospitals where he practiced, Mrs. Steele suffered a spinal cord injury that has left her totally disabled and dependent upon opioid medications which do not fully relieve her debilitating pain. Her husband, Timothy Steele, is also a life-long resident of Philadelphia, Pennsylvania and has worked for 29 years as a refrigeration technician on ships docked at the Port of Philadelphia. As a member of the International Brotherhood of Boilermakers Union, Local Lodge 13, Mr. Steele obtained health care coverage

for his family through the Boilermakers National Health and Welfare Fund ("the Fund"). The Fund has paid Mrs. Steele's medical bills, some of which are attributable to the alleged negligence of Dr. Alemo and the hospitals where he practiced.

Mr. and Mrs. Steele retained Mark Tanner, Esquire, a Partner at the Feldman Shepherd law firm, and Mr. Tanner filed on their behalf a medical negligence action in the Philadelphia County Court of Common Pleas against Dr. Alemo and two Philadelphia hospitals. The Boilermakers attempted to assert their alleged subrogation rights by filing a petition to intervene in that action[1] and argued that the Pennsylvania statute which prohibits a private insurer such as the Boilermakers from asserting a subrogation interest (40 P.S. §1303.508), is preempted by ERISA. By way of an Order dated May 20, 2008, the Court of Common Pleas of Philadelphia County denied the Boilermakers' petition to intervene in the medical negligence action.

As trial approached, the defendant doctor filed a motion to preclude the Steeles from offering evidence at trial of the medical expenses paid by the Boilermakers. Counsel for the Steeles offered to submit to the Court any arguments the Boilermakers wished to make in opposition to the motion, but the Boilermakers declined that invitation. On May 28, 2009, the Court granted the defendant doctor's motion *in limine* and entered an order precluding the Steeles from recovering medical expenses paid by the Boilermakers. Accordingly, the Steeles have not recovered any medical expenses in the Philadelphia action and there is no basis in law or fact for the Boilermakers to assert any subrogation interest against the Steeles.

Nevertheless, the Boilermakers initiated the instant action by Complaint filed on June 18, 2009. Unaware that suit had been filed in Kansas, Judith and Timothy Steele filed a declaratory

---

[1] Notably, the Boilermakers already have Pennsylvania counsel familiar with these issues, as that counsel filed the Petition to Intervene with a supporting Memorandum of Law in which he presented the Boilermakers' subrogation claim.

judgment action against the Boilermakers on June 24, 2009, in the United States District Court for the Eastern District of Pennsylvania, Case No. 09-CV-2837. The Steeles served the Boilermakers by certified mail on June 29, 2009. One day later, on June 30, 2009, the Boilermakers served their Summons and Complaint upon the Steeles in Philadelphia. And two days later, on July 1, 2009, the Boilermakers served their Complaint upon Mark Tanner and the Feldman Shepherd law firm in Philadelphia.

## II.   LEGAL ARGUMENT

### A.   The Exercise of Personal Jurisdiction over the Defendants Does Not Comport With Fifth Amendment Due Process

It is now well-established in the Tenth Circuit that in a federal question case, "personal jurisdiction flows from and is limited by the Due Process Clause of the Fifth Amendment." *B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 229 F. Supp.2d 1209, 1214, citing *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000). Where, as in the instant case, personal jurisdiction is based solely upon a federal statute that permits nationwide service of process, this Honorable Court has held that "the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant. In other words, the Fifth Amendment 'protects individual litigants against the burdens of litigation in an unduly inconvenient forum.'" *Id.* at 1215, quoting *Peay*, 205 F.3d at 1212.

When considering whether to exercise personal jurisdiction over a defendant in a federal question case, a district court must undertake a two-prong analysis to determine: "(1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process.'" *Talkin v. Deluxe Corporation*, 2007 WL 1469643 (D. Kan. 2007), citing *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000).

With regard to the first prong of the test, Defendants do not dispute that ERISA authorizes nationwide service of process.   Section 1132(e)(2) provides: "Where an action under this subchapter is brought in a district court of the United States, ... process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2); *see also Peay,* 205 F.3d at 1211 ("There is no question that the last clause of § 1132(e)(2) authorizes nationwide service of process.").

With regard to the second prong of the test, the exercise of personal jurisdiction over the defendants by the District of Kansas clearly is <u>not</u> fair or reasonable and does <u>not</u> comport with Fifth Amendment due process. The Tenth Circuit Court of Appeals has established factors a district court should consider to determine whether the inconvenience to a defendant is constitutionally significant:

> (1) the extent of the defendant's contacts with the place where the action was filed;
>
> (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought;
>
> (3) judicial economy;
>
> (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and
>
> (5) the nature of the regulated activity in question and the extent of impact

4

that the defendant's activities have beyond the borders of his state of residence or business.

*Peay*, 205 F.3d at 1212 (citing *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F. Supp. 191, 203 (E.D. Pa. 1974); *B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 229 F. Supp.2d 1209, 1215; *Talkin v. Deluxe Corporation*, 2007 WL 1469643 (D. Kan. 2007).

All of the factors outlined by the *Peay* Court mitigate <u>against</u> the exercise of personal jurisdiction over the Pennsylvania defendants in this case:

### i.   Defendants' Contacts with Kansas

Defendants' contacts with the State of Kansas are truly insignificant. The Defendants have never been to Kansas, have no property or other assets in Kansas and have no relatives or agents in Kansas.

Defendant Mark Tanner's only contact with the State of Kansas has been through six letters he sent to the Boilermakers and their attorneys in response to these claims, and a very few telephone conversations he had with those same individuals. *See* Exhibit 1.

Defendant, the Feldman Shepherd law firm, is an unincorporated partnership with a single office located at 1845 Walnut Street, 25th Floor, Philadelphia, Pennsylvania 19130. The Firm represents plaintiffs in civil litigation. None of the 18 attorneys at the Firm have ever been admitted to practice in a Kansas court, and none of the 18 attorneys at the firm have ever represented a citizen of Kansas in any civil action. *See* Exhibit 1.

Defendant, Timothy Steele, has been a member for 13 years of the International Brotherhood of Boilermakers Union, Local Lodge 13, located in Philadelphia, Pennsylvania. The International Brotherhood of Boilermakers Union, with which Local Lodge 13 is affiliated, has its headquarters in Kansas City, Kansas. However, Mr. Steele has never been to Kansas and

5

does not recall calling or writing to anyone in Kansas. *See* Exhibit 2.

Defendant, Judith A. Steele, has made approximately a dozen telephone calls to the Boilermakers Health and Welfare Fund, which is administered in Kansas City, Kansas, pertaining to medical benefits provided to her family by the Fund. Mrs. Steele has also completed approximately five medical benefit forms and returned them by mail to the Fund in Kansas. She has never been to Kansas and has had no other contact with the State. *See* Exhibit 3.

Defendants' contacts with the State of Kansas are not significant enough to support personal jurisdiction under a minimum contacts analysis. *Loeffelbein v. Rare Medium Group*, 2003 WL 23484636 (D. Kan. 2003)(recognizing that in the minimum contacts context, the Tenth Circuit determined that phone calls and ten-to-twenty faxes and letters during the course of contract negotiations were insufficient to establish minimum contacts) citing *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995). As such, Defendants' limited contact with the State of Kansas mitigates against the exercise of personal jurisdiction under a due process analysis.

### ii.   The Inconvenience to the Defendants of Having to Defend in a Jurisdiction Other than that of Their Residence or Place of Business

If compelled to defend against this claim in Kansas, defendants will incur expenses, including the fees of counsel admitted to practice in Kansas and the cost of travel from Pennsylvania to Kansas for trial, which represent an extraordinary burden for Mr. and Mrs. Steele. Defendants Mark Tanner and the Feldman Shepherd law firm will also incur additional and substantial attorneys' fees and costs they would not otherwise incur if this action were brought in Pennsylvania. It will also be extremely difficult, if not impossible, for Mrs. Steele to travel to Kansas in light of her permanent and disabling injuries. As such, the inconvenience to the Defendants of having to defend in a jurisdiction other than that of their residence or place of

6

business mitigates against the exercise of personal jurisdiction by the District of Kansas.

### iii.   Judicial Economy

The presence of a related case in the Eastern District of Pennsylvania is a substantial reason not to exercise personal jurisdiction over the Pennsylvania defendants in the instant case. Principles of judicial economy dictate that two cases involving precisely the same issues should not be litigated in two different forums.

### iv.   Situs of the Discovery Proceedings

Virtually all of the relevant documents and witnesses to be deposed are located in Pennsylvania, where the Steeles litigated the underlying medical malpractice action. All of the disputed medical bills were incurred in Pennsylvania and all of the witnesses necessary for Defendants to establish that medical bills paid by the Boilermakers were not recovered in the medical malpractice claim are in Pennsylvania, beyond the subpoena power of this Court. Defendants also intend to establish through documents and witnesses located in Pennsylvania that many of the medical bills that form the basis for the Boilermakers' subrogation lien are not, in fact, causally related to the Steele's medical malpractice action (i.e. they would have been incurred even in the absence of the medical malpractice).

### v.   The Nature of the Regulated Activity in Question and the Extent of Impact That the Defendant's Activities Have Beyond the Borders of His State of Residence or Business

At issue is the subrogation clause of the health benefits plan administered by the Boilermakers Health and Welfare Fund for the benefit of Union members and their families throughout the United States. The Fund conducts business in Pennsylvania on a regular basis, as it did in this case by providing health benefits to Judith Steele, and the Fund should therefore expect to be hailed into the courts in that jurisdiction. Defendants, Judith and Timothy Steele, in

7

contrast, have not conducted any business in Kansas and their activities have had little, if any, impact outside Pennsylvania. Similarly, the activities of Defendants Mark Tanner and the Feldman Shepherd law firm, who represented the Steeles in the underlying medical malpractice action in Philadelphia County, did not have any impact beyond the borders of Pennsylvania.

Having established that Plaintiffs' chosen forum is unduly inconvenient to the Defendants, "'jurisdiction will comport with due process only if the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant.'" *Peay*, 205 F.3d at 1213 (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997). To determine whether the infringement on defendant's liberty is justified, the court examines "the federal policies advanced by the statute, the relationship between nationwide service of process and the advancement of these policies, the connection between the exercise of jurisdiction in the chosen forum and the plaintiff's vindication of his federal right, and concerns of judicial efficiency and economy." *Id.* at 1213. It is significant to note that the general goal and stated purpose of ERISA is "to protect ... the interests of participants in employee benefit plans and their beneficiaries ... by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C.A. § 1001; *see also Keating v. Whitmore Mfg. Co.*, 981 F. Supp. 890, 892-93 (E.D. Pa. 1997). Permitting a plan administrator, such as the Boilermakers, to sue a Pennsylvania beneficiary in Kansas does not advance ERISA's goals. Because Pennsylvania provides an equally viable forum for the vindication of Plaintiffs' asserted federal rights without infringement upon defendants' liberty, there is no federal interest in litigating in Plaintiffs' chosen forum and this matter should be dismissed for lack of personal jurisdiction.

**B.**     **Plaintiffs Have Failed to State a Claim Against Defendants Mark Tanner and the Feldman Shepherd Law Firm upon Which Relief Can Be Granted**

Defendants, Mark Tanner and the Feldman Shepherd law firm, are neither parties to, participants in, nor beneficiaries of the Boilermakers National Health and Welfare Plan. As such, these two defendants have no contractual or statutory duty or obligation to reimburse the Fund for benefits the Fund provided to Mr. and Mrs. Steele. Defendants, Mark Tanner and the Feldman Shepherd law firm have not interfered with the contractual rights, duties and obligations of the Boilermakers and the Steeles. To the contrary, as an Officer of the Court, Mark Tanner represents that he will hold in an escrow account the disputed funds, which total $530,452.50, until the dispute between the Boilermakers and the Steeles has been resolved, either in the courts of this Circuit or in the Third Circuit, where Mr. and Mrs. Steele have filed suit seeking declaratory judgment and other relief. See Affidavit of Mark W. Tanner, attached hereto as Exhibit 1. In the absence of any viable theory of liability, Defendants, Mark Tanner and the Feldman Shepherd law, firm move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted.

**C.**     **If Not Dismissed, This Action Should Be Transferred to the Eastern District of Pennsylvania**

U.S. Code Title 28, Section 1404(a) vests a district court with "broad discretion" to determine "whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The circumstances that may be considered when determining whether transfer is proper include convenience to the parties, convenience to the witnesses and the interests of justice. *Boilermaker-Blacksmith Pension Fund v. Boiler and Mechanical Services, Inc.*,1995 WL 584500 (D. Kan. 1995) citing *US Sprint Communications*

9

*Co. v. Boran*, 716 F. Supp. 505, 507 (D. Kan. 1988).   Also worthy of consideration is "the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical." *Eagle Star Group, Inc. v. R.J. Ahmann Co.*, 2007 WL 2042523 (D. Kan. 2007) quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Although the Plaintiffs' choice of forum must be given significant weight, it may be overcome "when the private and public interest factors clearly point toward trial in the alternative forum." *Boilermaker-Blacksmith Pension Fund v. Boiler and Mechanical Services, Inc.*, 1995 WL 584500 (D. Kan. 1995) citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265-6 (1981).

28 U.S.C. § 1404(a) provides that a court in which venue is proper may nevertheless "transfer any civil action to any other district or division *where it might have been brought.*" *Id.* (emphasis added). Because all defendants are residents of Pennsylvania and all of the events giving rise to this litigation occurred in Pennsylvania, this action could have been brought in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a)(1). ERISA also provides that venue is proper "...where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

The presence of a related case in the transferee forum is a substantial reason to grant a change of venue. *Schiller-Pfeiffer, Inc. v. Country Home Products, Inc.*, 2004 WL 2755585 (E.D. Pa. 2004), citing *Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*, 2003 WL 22358439 (E.D. Pa. 2003). As the Supreme Court has noted, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that §1404(a) was designed to prevent." *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960). The action filed by the

Steeles against the Boilermakers in the United States District Court for the Eastern District of Pennsylvania, Case No. 09-CV-2837, arises from the same set of facts and seeks a declaratory judgment on precisely the same issue raised by the Boilermakers in the instant action. Upon transfer of this case to Pennsylvania, consolidation of the two actions would certainly be appropriate. *See* Fed.R.Civ.P. 42(a)("When actions involving a common question of law or fact are pending before the court, ... it may order all the actions consolidated.)

Transfer of the instant case to Pennsylvania does not violate the so-called "first-filed" rule. *Schiller-Pfeiffer, Inc. v. Country Home Products, Inc.*, 2004 WL 2755585 (E.D. Pa. 2004). As the Court in *Schiller-Pfeiffer* explained:

> The "first-filed" rule, however, "is not a rigid or inflexible rule to be mechanically applied" in all circumstances. *Am. Soc'y for Testing & Mat'ls*, 254 F. Supp. 2d at 580. As the Third Circuit has noted, "[d]istrict courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *Univ. of Pa.*, 850 F.2d at 972; *see also Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999)("The first-filed rule is not to be applied mechanically, but is intended to aid in judicial administration.")

*Schiller-Pfeiffer, Inc. v. Country Home Products, Inc.*, 2004 WL 2755585 (E.D. Pa. 2004). Although the Boilermakers filed suit six days before the Steeles, the Steeles served their Complaint first and, in any event, neither case has progressed beyond the pleading stage. Accordingly, there is no compelling reason to follow the "first-filed" rule and this Court has the discretion to disregard it.

Transfer is also appropriate because all of the defendants are in Pennsylvania, the underlying medical malpractice action was litigated in Pennsylvania, the disputed medical bills were all incurred in Pennsylvania and all of the witnesses necessary to establish that disputed medical bills paid by the Boilermakers were not recovered in the medical malpractice claim are

11

in Pennsylvania, beyond the subpoena power of this Court. Moreover, because Pennsylvania law precluded the recovery of medical bills in the underlying medical malpractice action, Pennsylvania law must be interpreted in the instant action to determine whether it has a "connection with" or a "reference to" an ERISA plan such that it could be preempted. *New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Insurance Company*, 514 U.S. 645, 654 (1995). Pennsylvania law should be interpreted by the Pennsylvania courts.

If compelled to litigate this claim in Kansas, defendants will incur expenses, including the fees of counsel admitted to practice in Kansas and the cost of travel to Kansas for trial, which represent an extraordinary burden for Mr. and Mrs. Steele. Defendants Mark Tanner and the Feldman Shepherd law firm will also incur additional and substantial attorneys' fees and costs they would not otherwise incur if this action were brought in Pennsylvania. It will also be extremely difficult, if not impossible, for Mrs. Steele to travel to Kansas in light of her permanent and disabling injuries.

## III. CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Honorable Court dismiss this action for lack of personal jurisdiction, dismiss Defendants Mark Tanner and the Feldman Shepherd law firm for failure to state a claim upon which relief can be granted, or transfer this action to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

   /s/ Brent Coverdale
Brent Coverdale, KS Bar No. 18798
SEYFERTH BLUMENTHAL & HARRIS LLC
300 Wyandotte St., Ste. 430
Kansas City , MO 64105
816-756-0700
Fax: 816-756-3700
Email: **brent@sbhlaw.com**
Attorney for Defendants

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed via the Court's CM/ECF system on this 20th Day of July, 2009, which sent notice of same to the following:

    Scott L. Brown
    Blake & Uhlig, P.A.
    753 State Avenue, Suite 475
    Kansas City, Kansas 66101


        /s/ Brent Coverdale
        Brent Coverdale
        Attorney for Defendants

13