# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKERS NATIONAL HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE BOILERMAKERS NATIONAL HEALTH AND WELFARE TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>JUDITH A. STEELE; TIMOTHY STEELE; MARK TANNER; FELDMAN, SHEPERD, WOHLGELERNTER, TANNER, WEINSTOCK AND DODIG<br><br>Defendants. | CASE NO.: 09-CV-2329 JAR/DJW<br><br>COMPLAINT |

Plaintiffs, for their cause of action against Judith Steele, Timothy Steele, Mark Tanner, and Feldman, Shepherd, Wohlgelernter, Tanner, Weinstock and Dodig, P.A., Defendants, state as follows:

### PLAINTIFFS' REQUEST FOR PLACE OF TRIAL

1. Pursuant to District of Kansas Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

### NATURE OF THE CASE

2. This is an action to enforce the terms of the Boilermakers National Health and Welfare Fund's Plan M (hereinafter "The Plan") and for equitable relief arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

1

## PARTIES

3. Plaintiff Boilermakers National Health and Welfare Trust (hereinafter, "the Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas, 66101, which is located within the territorial boundaries of the District of Kansas. The Fund is a self-funded "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. Plaintiff Board of Trustees of the Boilermakers National Health and Welfare Fund (hereinafter, "Board of Trustees) is a fiduciary of the Fund and, as such, is entitled to bring this action pursuant to 29 U.S.C. § 1132(a)(3).

5. Defendant Judith Steele is a citizen and a resident of the State of Pennsylvania, residing at 855 Foulkrod Street, Philadelphia, PA 19124.

6. Defendant Timothy Steele is a citizen and a resident of the State of Pennsylvania, residing at 855 Foulkrod Street, Philadelphia, PA 19124.

7. Defendant Feldman, Shepherd, Wohlgelernter, Tanner, Weinstock and Dodig, is a law firm located at 1845 Walnut Street, 25th Floor, Philadelphia, Pennsylvania, 19103.

8. Defendant Mark Tanner is a citizen and a resident of the State of Pennsylvania, and is an attorney at the law firm of Defendant Feldman, Shepherd, Wohlgelernter, Tanner, Weinstock and Dodig (hereinafter, "Feldman Shepherd")

## JURISDICTION AND VENUE

9. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132(e)(2) and also pursuant to 28 U.S.C. § 1331.

10. Whereas the Plaintiff employee benefit plan is administered in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

11. Defendant Timothy Steele is a Participant in the Fund.

12. Defendant Judith Steele is the spouse of Timothy Steele and is an Eligible Individual covered by the Fund.

### Steele v. Alemo, et al., Case No. 003267

13. The Fund hereby realleges and incorporates by reference Paragraphs 1 through 12 of this Complaint.

14. On or about November 6, 2006, Defendants Judith and Timothy Steele filed suit against Saeid Alemo, M.D., University Neurosurgical P.C., Alemo's Neurological & Neurosurgical Associates, P.C., Hahnemann University Hospital, Tenet Healthsystem Hahnemann, L.L.C., and Nazareth Hospital. The case, filed in the Court of Common Pleas of Philadelphia County, is captioned *Steele v. Alemo, et al.*, Case No. 003267, Court of Common Pleas Philadelphia County (hereinafter, "Case 003267"). A copy of the "Complaint in Civil Action" is attached hereto as Exhibit 1.

15. Attorney Mark Tanner of the law firm Feldman, Shepherd, Wohlgelernter & Tanner represented the Steeles in Case No. 003267.

16. According to the Complaint filed in Case No. 003267, Defendant Saied Alemo, M.D. is an individual physician that performed surgery on Judith Steele who, in the Commonwealth of Pennsylvania, negligently and carelessly:

    a. Failed to properly recognize and treat a spinal fluid leak in Plaintiff Judith Steele;

    b. Failed to order appropriate studies so as to recognize and/or rule out an ongoing spinal fluid leak in the Plaintiff Judith Steele;

    c. Failed to properly read and/or acknowledge the reports or studies and actual films that demonstrated an ongoing spinal fluid leak in the Plaintiff Judith Steele;

    d. Negligently delayed in the treatment of an ongoing spinal fluid leak in the Plaintiff Judith Steele;

    e. Failed to recognize the signs and symptoms of a pseudomeningocele in the Plaintiff Judith Steele;

    f. Delayed in treating the Plaintiff Judith Steele's pseudomeningocele;

    g. Negligently failed to repair the Plaintiff Judith Steele's pseudomeningocele;

  h. Unnecessarily subjected Plaintiff Judith Steele to multiple surgical procedures and failed repair attempts of the pseudomeningocele;

  i. Negligently advising Plaintiff Judith Steele to resume normal activities and return to work when she had, in fact, an ongoing cerebrospinal fluid leak and large pseudomeningocele;

  j. Failed to properly consult with reasonably trained professionals and specialists who were competent to repair Plaintiff Judith Steele's pseudomeningocele when it became apparent that this condition was beyond his own competence;

  k. Subjected the Plaintiff to unnecessary and unreasonable procedures that were not reasonably calculated to improve her condition.

17. According to the Complaint filed in Case No. 003267, Hahnemann University Hospital, Tenet Healthsystem Hahnemann, L.L.C. (hereinafter, "Hahnemann"), is a corporation of the Commonwealth of Pennsylvania that negligently and carelessly:

  a. Failed to recognize and investigate the numerous malpractice claims filed by patients of Defendant Alemo;

  b. Failed to limit Defendant Alemo's privileges in light of the consistent history of substandard medical care provided by Defendant Alemo;

  c. Failed to formulate appropriate standards for the credentialing of physicians;

5

  d. Improperly granted employment and/or staff privileges to Defendant Alemo when it knew or should have known that he posed a risk of harm to patients should such privileges be granted;

  e. Failed to adequately monitor and evaluate the performance of Defendant Alemo on a regular basis to ensure that he providing safe and acceptable care to patients within the hospital walls;

  f. Failed to limit, deny, suspend, terminate, or modify Defendant Alemo's privileges in light of his history;

  g. Failed to oversee the practice and quality of medical care provided by Defendant Alemo; and

  h. Failed to formulate, adopt, and enforce adequate rules and policies to ensure quality care for its patients.

18. According to the Complaint filed in Case No. 003267, Nazareth Hospital, a corporation existing under the laws of the Commonwealth of Pennsylvania, negligently and carelessly:

  a. Failed to recognize and investigate the numerous malpractice claims filed by patients of Defendant Alemo;

  b. Failed to limit Defendant Alemo's privileges in light of the consistent history of substandard medical care provided by Defendant Alemo;

c.  Failed to formulate appropriate standards for the credentialing of physicians;

d.  Improperly granted employment and/or staff privileges to Defendant Alemo when it knew or should have known that he posed a risk of harm to patients should such privileges be granted;

e.  Failed to adequately monitor and evaluate the performance of Defendant Alemo on a regular basis to ensure that he was providing safe and acceptable care to patients within the hospital walls;

f.  Failed to limit, deny, suspend, terminate, or modify Defendant Alemo's privileges in light of his history;

g.  Failed to oversee the practice and quality of medical care provided by Defendant Alemo; and

h.  Failed to formulate, adopt and enforce adequate rules and policies to ensure quality care for its patients.

19.  According to the Complaint filed in Case No. 003267, as a direct and proximate result of the liability producing conduct of the Defendants, Plaintiff Timothy Steele has been deprived of the consortium, companionship, services, and society of his wife.

**Count I**
**Reimbursement from Defendants Judith and Timothy Steele**

20.  The Fund hereby realleges and incorporates by reference Paragraphs 1 through 19 of this Complaint.

7

21. The Fund has paid approximately five hundred thirty thousand four hundred fifty-two dollars and fifty cents ($530,452.50) for the medical expenses of Judith Steele, allegedly arising from the negligence of Defendants in *Steele v. Alemo, et al.*, Case No. 003267.

22. The General Limitations and Exclusions section of the Plan under Article X, Section 3 provides:

> The Funds shall pay benefits only on the condition that the Eligible Individual or another duly authorized person on his behalf shall:
>
> (a) Reimburse the Fund to the extent of benefits provided by the Fund (including any amounts credited to deductibles), immediately upon receipt of compensation of any kind, whether by judgment, compromise, settlement or otherwise, for damages which include, but are not limited to, personal injury, property loss or medical expenses. The Eligible Individual's heirs, beneficiaries and personal representatives shall likewise be bound by this obligation. Provide the Fund a lien to the extent of benefits provided by the Fund (including any amounts credited to deductibles), in the compensation for damages recovered, or to be recovered, by the Eligible Individual, or by his heirs, beneficiaries or personal representatives in case of his death, on account of his injury or illness.

23. According to Mr. Tanner, the Steeles have reached a settlement with some or all parties in Case No. 003267 and have received an unknown amount of money as part of the settlement.

24. Upon information and belief, Feldman Shepherd is holding the proceeds of the settlement monies received from defendants in Case No. 003267.

25. Defendant Tanner has informed the Fund, through counsel, that he intends on disbursing, or in fact, already has disbursed, the disputed funds to the Steeles without first resolving the Plan's reimbursement interest.

26. Plaintiffs have requested that Defendant Judith Steele reimburse the Fund pursuant to the terms of the Plan, but she has refused to do so.

27. Plaintiffs have requested that Defendant Timothy Steele reimburse the Fund pursuant to the terms of the Plan, but he has refused to do so.

28. Pursuant to the rules of the Fund, the Fund is entitled to reimbursement for the benefits that the Fund has provided to Judith Steele and Timothy Steele as a result of third-party liability, and to an equitable lien and/or constructive trust regarding assets to repay the Fund.

## Count II
### Injunctive and Declaratory Relief Against Defendants

29. The Fund hereby realleges and incorporates by reference Paragraphs 1 through 28 of this Complaint.

30. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiffs seek equitable relief, including, but not limited to, restitution, imposition of a constructive trust, and declarations of rights under the Plan against Defendants to enforce ERISA and the terms of the Plan.

31. By refusing to reimburse the Plan to the extent of benefits paid on behalf of the Judith Steele occurring as a result of the alleged negligence described in Case No. 003267, Defendants have violated the terms of the Plan.

32. Since these acts and/or practices violate the Plan's terms, this Court should enter an order declaring the Plan's rights to the disputed funds and enter an order in restitution enforcing the terms of the Plan.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

1. For reimbursement from Defendants Judith and Timothy Steele for the benefits paid on behalf of Judith and Timothy Steele including, if appropriate, an equitable lien or constructive trust;

2. Requiring Defendants to turn over that portion of the settlement monies that equal the five hundred thirty thousand four hundred fifty two dollars and fifty cents ($530,452.50), which is the amount the Fund has paid in medical expenses for Judith Steele as a result of third party liability.

3. For attorneys' fees and costs of suit incurred herein; and

4. For such further relief as is just and appropriate.

Respectfully submitted,

BLAKE & UHLIG, P.A.

/s/ Scott L. Brown
Martin W. Walter, KS Bar No. 17653
Scott L. Brown, KS Bar No. 20580
Lauren M. Fletcher, KS Bar No. 22198
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396
E-mail: mww@blake-uhlig.com
E-mail: slb@blake-uhlig.com
E-mail: lmf@blake-uhlig.com
**ATTORNEYS FOR PLAINTIFFS**