**EXHIBIT A**

| | |
|---|---|
| Benjamin Eisner<br>beisner@spearwilderman.com<br>Attorney ID No. 48078<br>Spear Wilderman, P.C.<br>230 South Broad Street, Suite 1400<br>Philadelphia, PA 19102<br>(215) 732-0101 | Intervenor Plaintiff Boilermakers<br>National Health and Welfare Fund |
| Lauren M. Fletcher<br>lmf@blake.uhlig.com<br>Attorney ID No.<br>753 State Avenue, Suite 475<br>Kansas City, KS 66101<br>(913) 321-8884 | Intervenor Plaintiff Boilermakers<br>National Health and Welfare Fund |
| JUDITH & TIMOTHY STEELE, h/w<br>    Plaintiff<br><br>v.<br><br>SAEID ALEMO, MD<br>    and<br>UNIVERSITY NEUROSURGICAL PC<br>    and<br>ALEMO'S NEUROLOGICAL &<br>NEUROSURGICAL ASSOCIATES, PC<br>    and<br>HAHNEMANN UNIVERSITY HOSPITAL,<br>TENET HEALTHSYSTEM | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>SEPTEMBER TERM 2006<br><br>No. 003267<br><br>*Jury Trial Demanded* |

HAHNEMANN, LLC
   and
NAZARETH HOSPITAL
   Defendants.

### PETITION FOR INTERVENTION

The Boilermakers National Health & Welfare Fund (hereinafter, "Fund" or "Petitioner"), by its undersigned attorneys, respectfully petitions this Court for leave to intervene as a party plaintiff in the above-captioned action pursuant to Pa.R.C.P. 2327(4) for the following reasons:

1. Petitioner is a jointly administered labor-management trust fund that provides health benefits to employees and dependents on a self-funded basis.

2. Plaintiffs, Judith and Timothy Steele, are participants in the Fund. They brought the above-captioned action against defendants, seeking to obtain judgment for defendants' allegedly negligent and careless conduct toward Judith and Timothy Steele, which led to damages.

3. The Fund has paid approximately five hundred forty-two thousand two hundred fifty-six and 02/100 dollars ($542,256.02) for the medical expenses of Judith Steele.

4. Because the Fund has paid out approximately five hundred forty-two thousand two hundred fifty-six and 02/100 dollars ($542,256.02) for medical benefits on behalf of Mrs. Judith Steele, eligible dependent of Fund Participant Mr. Timothy Steele, to treat injuries

resulting from the Defendants' negligence, the Fund has a legally enforceable right to be subrogated in a corresponding amount to the rights of the Plaintiffs against the Defendants. *See Daley-Sand v. West American Ins. Co.,* 387 Pa.Super. 630, 639; 564 A.2d 965, 970; (Pa.Super. 1989) ("It has often been said that the equitable doctrine of subrogation places the subrogee in the precise position of the one to whose rights and disabilities he is subrogated.") Thus, the Fund's subrogation right will be affected by the instant action.

5. Moreover, the terms of the Fund's medical Plan specifically state that benefits are paid on the condition that a Participant, or his or her eligible dependents, reimburse the Fund to the extent of benefits provided by the Fund, upon the receipt of compensation of any kind, whether by judgment, compromise, settlement or otherwise for damages for personal injury property loss or medical expenses whether or not such compensation is sufficient to make the Participant, or his or her eligible dependents, whole; therefore, the language of the Fund's rules clearly and unequivocally gives the Fund the enforceable right to be reimbursed for all benefits it has provided for Mrs. Steele's loss. The outcome of this matter thus will affect, indeed it will determine, the Fund's right to reimbursement from Plaintiffs.

6. If permitted to intervene, Petitioner will assert its rights of subrogation and reimbursement.

7. If permitted to intervene, Petitioner proposes to file the pleading attached hereto as Exhibit A.

8. Petitioner recognizes the propriety of the pending action and subordinates its claims thereto.

9. Petitioner's interests are not adequately represented, as neither Plaintiffs nor Defendants have acknowledged their obligations to the Fund.

10. Petitioner has not delayed unduly in filing its petition for intervention inasmuch as:

    a. The Fund has attempted to resolve its rights as they apply to this action over the course of several months, and Fund counsel has attempted numerous times to contact Plaintiff's counsel, both via correspondence and over the phone.

    b. "A petition for leave to intervene must be filed during the pendency of the action." *Newberg by Newberg v. Board of Public Educ.*, 330 Pa.Super. 65, 69; 478 A.2d 1352, 1354; (Pa. Super. 1984) (citing Pa.R.C.P. 2327). Case law clearly indicates that petitions for intervention **after** a case has been finally resolved or when such intervention would unduly delay a trial are improper. *See, e.g. In re T.T.*, 842 A.2d 962 (Pa. Super. Ct. 2004); *Inryco Inc. v. Helmark Steel Inc.*, 451 A.2d 511 (Pa. Super. 1982). However, these factors are not present here. This action is currently pending before this Court. Clearly, the Fund's intervention will not further delay any of this case's proceedings.

  c. According to this case's Civil Docket Report, discovery in this matter does not end until April 7, 2008, and to the Fund's knowledge settlement discussions have not begun and may not commence in earnest until after July 7, 2008. The Fund understands that, among other things, depositions of Plaintiffs have not occurred. The pretrial conference is currently scheduled any time after September 1, 2008. Any discovery pertaining to the Fund should be minimal.

  d. Since the Plaintiffs are already required under the Plan of Benefits to provide the Fund with written notice of any settlement offers, allowing the Fund's intervention would actually expedite the settlement process, since the Fund's attendance at settlement conferences will be mandatory and communications will not have to go through Plaintiffs' counsel.

  11. The allowance of intervention will not unduly delay, embarrass, or prejudice the trial or adjudication of the rights of the parties, inasmuch as the Fund's Intervention will require minimal discovery and should have no effect on scheduling settlement conferences, trial, or any other deadlines. Indeed, as the Plaintiffs are already required to provide the Fund with written notice of any settlement offers, allowing the Fund's intervention would actually expedite the settlement process and result in judicial economy; the Fund's attendance at settlement conferences will be mandatory, communications with the Fund will not have to go through Plaintiffs' counsel and all issues can be resolved in a single forum.

12. Petitioner's interest in this action is not adequately represented, inasmuch as conflicts between the Fund, the insurance carrier, Plaintiffs and the insured can easily arise in the event that the parties agree to settle for less than the total amount currently alleged in damages. *See Battista v. Buckley*, 49 Pa. D. & C.3d 274 (Pa. Com. Pl. 1988). Thus, only the Fund adequately protects its own interest. *Id.*

13. The Fund has informed both Plaintiffs and Defendants of its intentions in advance of this filing, and seeks consent of those parties to this application.

Wherefore, Petitioner respectfully requests that this Court grant petitioner leave to intervene as a party Plaintiff in this action pursuant to Pa.R.C.P. 2327(4) and 2329, and that this Court stay all proceedings pending the disposition of this petition.

Respectfully submitted,

_____
Benjamin Eisner, Bar No. <u>48078</u>
Spear Wilderman, P.C.
230 South Broad Street, Suite 1400
Philadelphia, PA  19102
Tel: (215) 732-0101
Fax: (215) 732-7790

Lauren M. Fletcher
Blake & Uhlig, P.A.
753 State Avenue, Suite 475
Kansas City, Kansas  66101
Tel: (913) 321-8884
Fax: (913) 321-2396

Date:  February 29, 2008                                ATTORNEYS FOR INTERVENOR

## VERIFICATION

Curtis G. Barnhill verifies that the statements made in the foregoing Petition For Intervention are true and correct. He understands that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

_____
Curtis G. Barnhill, Executive Administrator
Boilermakers National Health and
   Welfare Fund