## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY STEELE and JUDITH STEELE, H/W | ) ) ) Civil Action No. 09-02837 |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| BLAKE & UHLIG, P.A., LAUREN FLETCHER, and BOILERMAKERS NATIONAL HEALTH & WELFARE FUND, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## ORDER

**AND NOW** on this _____ day of _____, 2009, upon consideration of the Motion

to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted

filed by Defendant Boilermakers National Health and Welfare Fund, and Plaintiffs' response in

opposition thereto, it is hereby **ORDERED** that the Motion is **DENIED** in its entirety.

_____

TUCKER,                U.S.D.J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| TIMOTHY STEELE and JUDITH STEELE, H/W | ) ) ) Civil Action No. 09-02837 |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| BLAKE & UHLIG, P.A., LAUREN FLETCHER, and BOILERMAKERS NATIONAL HEALTH & WELFARE FUND, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT**
**BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND'S MOTION TO**
**DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs, through their undersigned counsel, hereby oppose Defendant Boilermakers National Health and Welfare Fund's Motion to Dismiss Plaintiffs' Complaint. For the reasons set forth in the accompanying memorandum of law, which is incorporated by reference herein, Defendant Boilermakers National Health and Welfare Fund's motion should be denied.

Respectfully Submitted,

FRANCIS & MAILMAN, P.C.

BY:    /s/ James A. Francis
       JAMES A. FRANCIS
       GREGORY GORSKI
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

Date:   October 30, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| TIMOTHY STEELE and JUDITH STEELE, H/W | ) ) ) | Civil Action No. 09-02837 |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| BLAKE & UHLIG, P.A., LAUREN FLETCHER, and BOILERMAKERS NATIONAL HEALTH & WELFARE FUND, | ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
BOILERMAKERS NATIONAL HEALTH AND WELFARE FUND'S MOTION TO
DISMISS PLAINTIFFS' COMPLAINT**

## I. PRELIMINARY STATEMENT

Defendant Boilermakers National Health and Welfare Fund's ("Boilermakers") Motion to Dismiss erroneously seeks to invoke the preemption provisions of ERISA in a manner contrary to the facts in this case as well as the prevailing case law.

First, Boilermakers falsely claims that all UTPCPL claims are preempted by ERISA. Virtually every legal authority, including opinions from the Supreme Court, advise that UTPCPL claims are only preempted by ERISA when filed by a participant or beneficiary in connection with a denial of benefits. Plaintiffs, however, are not suing as participants or beneficiaries seeking benefits that were denied to them. Plaintiffs have brought this lawsuit as consumers who are being unduly harassed by Boilermakers attempt to collect a debt that Plaintiffs do not owe.

Second, Boilermakers claims its collection activities were warranted because Plaintiffs purportedly are required to reimburse Boilermakers for their medical expenses under ERISA.

This argument, however, is contradicted by the facts of the underlying malpractice action, the rulings of the Philadelphia Court of Common Pleas and Pennsylvania's MCARE Act itself. Since Boilermakers' reliance on ERISA in both of these circumstances is misguided, the Motion should be dismissed in its entirety.

## II.   BACKGROUND

In lieu of restating an identical factual background, Plaintiffs respectfully refer this Court to, and incorporate by reference herein, the Background (Section II) set forth in Plaintiffs' Memorandum of Law in Opposition to Defendants' Blake & Uhlig and Lauren Fletcher's Motion to Dismiss.[1]

## III.   LEGAL STANDARD

In lieu of restating an identical legal standard of review, Plaintiffs respectfully refer this Court to, and incorporates by reference herein, to the Legal Standard (Section III) set forth in Plaintiffs' Memorandum of Law in Opposition to Defendants' Blake & Uhlig and Lauren Fletcher's Motion to Dismiss.

## IV.   ARGUMENT

A.   **BOILERMAKERS MAY BE SUED FOR VIOLATIONS OF THE FCEUA AND UTPCPL FOR UNLAWFUL DEBT COLLECTION PRACTICES.**

The simple fact that Boilermakers is an employee benefits plan under ERISA does not shield Boilermakers from any and all lawsuits that are not filed pursuant to §502 of ERISA. Preemption under ERISA in connection with the civil remedies available under §502 of ERISA

---

[1]     On September 16, 2009, Plaintiff filed a response in opposition to the motion to dismiss, or in the alternative to transfer venue, filed by Defendants Blake & Uhlig, P.A. ("B&U") and Lauren Fletcher ("Fletcher")("Plaintiff's Response to the B&U Motion"). (Doc. No. 17). Many of the arguments asserted by Boilermakers mirror those presented in the motion filed by B&U and Fletcher. (Doc. No. 8). As such, rather than submit redundant briefing, Plaintiffs incorporate the contents of their response brief as those the same were set forth herein.

relate to circumstances where the participant or beneficiary has been denied benefits. The

Supreme Court in *Aetna Health Inc. v. Davila*, made this distinction crystal clear:

> "[T]he detailed provisions of § 502(a) set forth a comprehensive civil
> enforcement scheme that represents a careful balancing of **the need for prompt
> and fair claims settlement procedures** against the public interest in encouraging
> the formation of employee benefit plans."
>
>         \*     \*     \*
>
> This provision is relatively straightforward. If a participant or beneficiary believes
> that **benefits promised to him under the terms of the plan are not provided,**
> he can bring suit seeking provision of those benefits. A participant or beneficiary
> can also bring suit generically to "enforce his rights" under the plan, or to clarify
> any of his rights to future benefits.

542 U.S. 200, 208, 210 (2004) (*quoting Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987))

(emphasis added). Accordingly, the Supreme Court clarified that the preemptive effects of

ERISA are only applicable when the claims brought are "within the scope" of a claim for which

§502 of ERISA offers relief. *Id.* at 211.

Even a cursory reading of Plaintiffs' Complaint reveals that the claims brought by

Plaintiffs have nothing to do with a denial of benefits. Moreover, each and every one of the cases

cited by Boilermakers to support its argument relate to circumstances where benefits were

denied. *See Stout v. American Federation of State, County and Municipal Employees Dist.

Council 33*, 2009 WL 159293, \*1 (E.D. Pa., Jan. 20, 2009) (involving "[failure] to pay insurance

benefits upon [participants] death"); *Brown v. Independence Blue Cross*, 2008 WL 2805600, \*1

(E.D. Pa., July 21, 2008) (involving "delay in reimbursing [participant] under his health

insurance plan for one year"); *Viechnicki v. Unumprovident Corp.*, 2007 WL 433479, \*1 (E.D.

Pa., Feb. 8, 2007) (involving "termination of coverage"); *Gilbertson v. Unum Life Ins. Co. of

America*, 2005 WL 1484555, \*1 (E.D. Pa., June 21, 2005) (involving "[denial of] long term

disability payments"); *Murphy v. Metropolitan Life Ins. Co.*, 152 F. Supp.2d 755, 757 (E.D. Pa.

2001) (involving "[disability] benefits . . . terminated"); *Schultze v. Thomas & Betts Corp.*, 1994 WL 410826, *1 (E.D. Pa., Aug 4, 1994) (involving "medical benefits . . . terminated").

Boilermakers has not cited a single case which even suggests that claims under the UTPCPL for harassing collection activities are preempted by ERISA. Boilermakers further has failed to provide any explanation as to how statutory bad faith claims (and the UTPCPL claims typically brought in conjunction with such claims) have any nexus to claims brought for violations of fair debt collection statutes.

Additionally, Boilermakers has lost sight of the fact that claims brought pursuant §502 of ERISA are primarily reserved for "participants" and "beneficiaries." The term "participant" is notably defined as "a person who is or may become eligible **to receive a benefit** of any type from an employee benefit plan." 29 U.S.C.A. §1002 (emphasis added). The term "beneficiary" is similarly defined as "a person designated by a participant . . . who is or may become **entitled to a benefit** thereunder." *Id.* (emphasis added). Plaintiffs here are not suing as "participants" or "beneficiaries" seeking benefits. On the contrary, Plaintiffs are suing as "consumers" who are being harassed by Boilermakers to pay a debt they do not owe. *See* 15 U.S.C.A. §1692b ("the term 'consumer' means any natural person . . . allegedly obligated to pay any debt.").

Boilermakers attempts to overdramatize the impact of Plaintiffs' claims by lamenting that a ruling in favor or Plaintiffs will "effectively extinguish the Fund's fiduciary duty to follow the plan document" and "eviscerates it duty to prosecute reimbursement claims." This "sky is falling" rhetoric should give the Court no pause.

Boilermakers has had a full and fair opportunity to assert its purported subrogation rights when Plaintiffs' medical malpractice lawsuit was being litigated. Boilermakers' mere dissatisfaction with the outcome does not entitle it to then commit tortious violations of the fair

debt collection statutes under the guise that harassing consumers to pay a debt they do not owe is somehow a fiduciary responsibility. Moreover, as discussed below, ERISA is not even implicated in this lawsuit, and thus, Boilermakers' alleged status as a fiduciary is irrelevant.

**B.   BOILERMAKERS IS COLLECTING ON A NON-EXISTENT DEBT BECAUSE PLAINTIFFS ARE NOT OBLIGATED TO REIMBURSE BOILERMAKERS FOR ANY MEDICAL EXPENSES, ESPECIALLY WHEN PLAINTIFFS WERE PROHIBITED FROM RECOVERING MEDICAL EXPENSES IN THE UNDERLYING MALPRACTICE LAWSUIT.**

Boilermakers also erroneously argues that its collection activities were warranted because Plaintiffs allegedly are required to reimburse Boilermakers for their medical expenses.[2] *See* Def. Mem., at Section IV.A.4 (pp. 17-23). Boilermakers' argument in this regard, however, relies on the faulty assumption that ERISA somehow preempts the Pennsylvania MCARE Act, which did not allow Plaintiffs to recover for medical expenses in their medical malpractice lawsuit. Although Boilermakers already litigated this issue in the medical malpractice lawsuit and lost, Boilermakers has nonetheless reasserted the argument in the instant Motion.

Boilermakers' argument is identical to the argument advanced by co-Defendants B&U and Fletcher in their motion to dismiss. *See* Def. Blake & Uhlig Mem., at Sec. II.A.3 at pp. 10-20. Plaintiff thoroughly responded to and rebutted this argument in their Response to the B&U Motion. In lieu of reiterating Plaintiffs' briefing on the identical subject, Plaintiffs respectfully refers this Court to, and incorporate herein by reference, the respective arguments set forth in Plaintiffs' response memorandum to the B&U Motion. *See* Doc. No. 17, at Section IV.A. (discussing that Defendants are collecting on a non-existent debt because Plaintiffs are not obligated to reimburse Boilermakers for any medical expenses). In their response to the B&U

---

[2]    Plaintiffs would note that, even if Plaintiffs were required to reimburse Boilermakers for their medical expenses, which they do not, these circumstance do not extinguish Plaintiff's unfair debt collections claims in the entirety. Plaintiff have alleged conduct that violates applicable fair debt collection statute regardless of whether or not they owed the debt in question. Boilermakers argument as such is not dispositive of all claims made by Plaintiffs in the Complaint.

Motion, Plaintiffs discuss the detailed factual and legal authority which confirms that: (1) Boilermakers does not have a subrogation claim against Plaintiffs because Plaintiffs have not recovered any medical expenses in their medical negligence case (Section IV.A.1.); and (2) ERISA does not preempt the applicable MCARE Act provision in this case (Section IV.A.2).

**C.   THE EASTERN DISTRICT OF PENNSYLVANIA IS THE ONLY PROPER VENUE FOR THIS LAWSUIT.**

Boilermakers' arguments as to the issue of venue reiterate the arguments asserted in the B&U Motion.[3]   Accordingly, in lieu of reasserting their identical response arguments, Plaintiffs respectfully refer this Court to, and incorporates herein by reference, the arguments set forth in Plaintiffs' response memorandum to the B&U Motion.   *See* Doc. 17, at Section IV.C. (discussing why the Eastern District of Pennsylvania is the proper venue for this lawsuit.)

## V.   CONCLUSION

For the foregoing reasons, and those discussed in detail in Plaintiff's response memorandum to the B&U Motion, Plaintiffs respectfully request that this Court deny Boilermakers National Health and Welfare Fund's Motion to Dismiss in its entirety.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ James A. Francis*
JAMES A. FRANCIS
GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: October 30, 2009

---

[3]   Boilermakers also joined co-Defendants Blake & Uhlig, P.A. and Lauren Fletcher's motion to transfer when it was filed.

## CERTIFICATE OF SERVICE

I, James A. Francis, do hereby certify that, on this date, I caused a true and correct copy

of the Plaintiffs' Response in Opposition to Defendant Boilermakers National Health and

Welfare Fund's Motion to Dismiss to be served via the Court's ECF Notification system upon

the following counsel of record:

Samuel L. Spear, Esq.
Benjamin Eisner, Esq.
SPEAR WILDERMAN, P.C.
230 S. Broad Street, Suite 1500
Philadelphia, PA 19102

Attorneys for Defendant
Boilermakers National Health & Welfare Fund

James Kahn, Esq.
MARGOLIS EDELSTEIN
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106

Attorneys for Defendants
Blake & Uhlig, P.A. and Lauren Fletcher

**FRANCIS & MAILMAN, P.C.**

*/s/ James A. Francis*
JAMES A. FRANCIS
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated:  October 30, 2009